UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

JEDIDIAH TIFFANY,

    *Plaintiff,*

    *v.*                              Case No: 3:26-cv-690

ROCK COUNTY, JOSHUA PETERSON,
AND TYLER QUADE,

    *Defendants.*

## COMPLAINT

Plaintiff Jedidiah Tiffany, by his attorneys, Strang Bradley, LLC, for his complaint against Defendants Rock County, Joshua Peterson, and Tyler Quade states:

### INTRODUCTION

1.      This is a civil rights lawsuit brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Jedidiah Tiffany's constitutional right to be free from unreasonable search in violation of the Fourth Amendment of the United States Constitution.

2.      Plaintiff Tiffany drove to a friend's house and was getting out of his car when Defendant Rock County Sheriff's Deputy Peterson stopped him and began a traffic stop.

3.      Peterson ultimately issued Tiffany traffic citations and released him from the traffic stop.

4.      But before he issued those citations, he extended the stop for a K9 sniff.

5.      Peterson claimed the K9 alerted. He and Defendant Rock County Sheriff's Deputy Quade then each searched Tiffany's person without consent and without a warrant.

## JURISDICTION AND VENUE

6.      This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

7.      This Court has jurisdiction over federal claims under 28 U.S.C. §§ 1331 and 1343(a)(3), and the state law indemnification claim under 28 U.S.C. § 1367(a).

8.      Venue is proper under 28 U.S.C. § 1391(b). The events giving rise to the claims asserted herein occurred within this judicial district.

## PARTIES

9.      Plaintiff Tiffany is a resident of the State of Wisconsin.

10.     Defendant Peterson was, at the time of this occurrence, employed as a deputy with the Rock County Sheriff's Office.

11.     At all relevant times, Defendant Peterson was on duty and in the course and scope of his employment with Rock County.

12.     At all relevant times, Defendant Peterson was acting under color of state and local law.

13.     Defendant Quade was, at the time of this occurrence, employed as a deputy with the Rock County Sheriff's Office.

14. At all relevant times, Defendant Quade was on duty and in the course and scope of his employment with Rock County.

15. At all relevant times, Defendant Quade was acting under color of state and local law.

16. Defendant Rock County is a political subdivision of the State of Wisconsin and was the employer of individual Defendants Joshua Peterson and Tyler Quade. Rock County is required to pay any tort judgment for damages for which its employees are liable for acts within the scope of their employment pursuant to WIS. STAT. § 895.46.

17. Rock County is sued as an indemnitor.

**FACTS**

18. On January 26, 2026, a jury acquitted Tiffany of obstruction charges based on allegations that he obstructed police officers in an incident during which Tiffany was tased after he fell asleep in his car.

19. On February 7, 2026, Plaintiff Tiffany drove to a friend's house and was getting out of his car when Defendant Rock County Sheriff's Deputy Peterson stopped him and began a traffic stop.

20. Peterson told Tiffany he stopped him because the car's owner had a suspended license.

21. Tiffany, citing bad experiences with police (getting tased, arrested, and charged), refused to say more than necessary to get through the stop.

22. Peterson decided to issue Tiffany citations for driving while suspended and for not having insurance.

23. Defendant Rock County Sheriff's Deputy Quade arrived to back up Peterson.

24. Before issuing Tiffany those citations, Peterson and Quade extended the traffic stop to walk a K9 around Tiffany's car.

25. Tiffany was not inside his car during the K9 search of his car.

26. Peterson claimed the K9 alerted to Tiffany's car.

27. Peterson then searched Tiffany's person, including inside Tiffany's pockets.

28. The search turned up no contraband.

29. Quade then searched Tiffany's person, including his pockets and shoes.

30. The search turned up no contraband.

31. Peterson and Quade then searched Tiffany's car.

32. The search turned up no contraband.

33. Only then did Peterson issue the citations and release Tiffany.

34. Peterson and Quade never sought or obtained a warrant.

35. Peterson and Quade did not have Tiffany's permission to search him.

### COUNT 1:
### 42 U.S.C. § 1983 Claim for Unreasonable Extension

36. Plaintiff realleges the above paragraphs.

37. Defendants Peterson and Quade unreasonably seized Plaintiff, violating Tiffany's Fourth Amendment rights.

4

38.     Defendants Peterson and Quade extended their seizure of Plaintiff Tiffany beyond the time reasonably required to complete the stop's mission by conducting a dog sniff unrelated to that mission and unsupported by independent reasonable suspicion.

39.     As a direct and proximate result of Defendant Peterson and Quade's unlawful actions, Tiffany suffered damages from loss of liberty, emotional distress, humiliation, and invasion of privacy.

WHEREFORE, pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiff demands actual or compensatory damages against Defendants Peterson and Quade, the costs of this action, attorneys' fees, and such other and further relief that the Court deems just and equitable. And because Defendants Peterson and Quade acted maliciously, wantonly, or oppressively, Plaintiff demands punitive damages.

## COUNT 2:
### 42 U.S.C. § 1983 Claim for Unreasonable Search

40.     Plaintiff realleges the above paragraphs.

41.     Defendant Peterson searched Plaintiff Tiffany's person, including Tiffany's pockets. The search was unlawful because Tiffany did not consent, Peterson did not obtain a warrant, and no exception to the warrant requirement applied.

42.     Defendant Quade searched Plaintiff Tiffany's person, including Tiffany's pockets and shoes. The search was unlawful because Tiffany did not consent, Quade did not obtain a warrant, and no exception to the warrant requirement applied.

43.     The intentional actions of Defendants Peterson and Quade in unreasonably searching Plaintiff Tiffany violated Tiffany's Fourth Amendment rights.

5

44.    As a direct and proximate result of Defendants Peterson and Quade's unlawful actions, Tiffany suffered damages from emotional distress, pain and suffering, humiliation, and invasion of privacy.

WHEREFORE, pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiff demands actual or compensatory damages against Defendants Peterson and Quade, the costs of this action, attorneys' fees, and such other and further relief that the Court deems just and equitable. And because Defendants Peterson and Quade acted maliciously, wantonly, or oppressively, Plaintiff demands punitive damages.

## COUNT 3:
### WIS. STAT. § 895.46 Indemnification Claim

45.    Plaintiff realleges the above paragraphs.

46.    Wisconsin law, WIS. STAT. § 895.46, requires public entities to pay any tort judgment for damages for which employees are liable for acts within the scope of their employment.

47.    At all times relevant to this action, Defendants Peterson and Quade engaged in the conduct complained of while on duty and in the course and scope of their employment with Rock County.

WHEREFORE, pursuant to WIS. STAT. § 895.46, Plaintiff asks this Court to find that Rock County is liable to defend this action against Defendants Peterson and Quade and required to satisfy any judgment against its employees, by virtue of WIS. STAT. § 895.46.

## JURY DEMAND

Plaintiff hereby demands a trial by jury, pursuant to FED. R. CIV. P. 38(b), on all issues so triable.

Respectfully submitted,

Dated: July 28, 2026,

/s/ Jacob M. Stroup
John H. Bradley
  Wisconsin Bar No. 1053124
R. Rick Resch
  Wisconsin Bar No. 1117722
Jacob M. Stroup
  Wisconsin Bar No. 1089159
STRANG BRADLEY, LLC
613 Williamson Street, Suite 204
Madison, Wisconsin 53703
(608)535-1550
John@StrangBradley.com
Rick@StrangBradley.com
William@StrangBradley.com

Attorneys for Plaintiff

7